ROBERT L. ARLEO, ESQ.
(RA 7506)
164 Sunset Park Road
Haines Falls, New York   12436
(518) 589-5264

DAVID E. PEARSON, ESQ.
6983 Weatham Street
Philadelphia, Pennsylvania   19119
(215) 849-1750

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY BYRD, on behalf of herself
and all others similarly situated,

    Plaintiff

Case No.

CLASS ACTION
COMPLAINT AND DEMAND
FOR JURY TRIAL

-against-

ACB AMERICAN, INC. and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, SAID PERSONS WHO
ALSO CONTROL THE POLICIES AND PRACTICES
INVOKED BY ACB AMERICAN, INC.,

    Defendants

## I. PRELIMINARY STATEMENT

1. Plaintiff Kimberly Byrd, ("Plaintiff"), on her own behalf and on behalf of the Classes she seeks to represent, brings this action for illegal practices of the above-named Defendants who used false, deceptive, misleading, harassing and abusing practices in conjunction with attempts to collect alleged debts. Plaintiff

alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et seq. (FDCPA). Plaintiff seeks statutory damages for herself and the members of the classes defined herein, costs and attorneys fees.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III. PARTIES

3. Plaintiff Kimberly Byrd is a natural person residing in Philadelphia, Pennsylvania.

4. Defendant ACB American, Inc. ("Defendant ACB") is a corporation existing, upon information and belief, pursuant to the laws of the State of Delaware. The Defendant ACB maintains a principal place of business located in Cincinnati, Ohio. The Defendant ACB operates as a debt collection agency. The Defendant ACB is engaged in the business of collecting debts. The Defendant ACB collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant ACB is a "debt collector" as said term is defined in the FDCPA.

5. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff at this time. When said true names and capacities are ascertained, Plaintiff will move to further amend this complaint by inserting same.

6. Plaintiff has information and beliefs and thereon allege that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities all of who reside or are located within the State of Ohio. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant ACB wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant ACB and are, therefore, personally liable for all of the FDCPA violations alleged hereinafter.

## IV. STATEMENT OF THE CASE

7. The Plaintiff allegedly incurred a personal credit card debt.

8. Said alleged obligation is a "debt" as defined in the FDCPA.

9. At a time unknown to the Plaintiff, the Defendant ACB was retained for the purpose of attempting to collect said alleged personal debt alleged to be owed by the Plaintiff.

10. In the attempt to collect the alleged debt alleged to be owed by the Plaintiff the Defendant ACB sent a collection letter dated January 13, 2009 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "A".

11. Said letter states (in part):

> "We have verified that you own property via the auditor in your county. Unless you pay the balance or contact this office to to make arrangements suitable to our office to pay the balance, we shall inform your creditor that you refuse to cooperate. Your response will determine our next step."

12. This statement set forth in said January 13, 2009 letter is false, deceptive and misleading and is otherwise designed to harass, oppress and abuse the Plaintiff, and the members of the classes defined herein, in that said statement is designed to lead consumers into believing that their real property could and would be seized by the Defendant if payment, as demanded by the Defendant, is not tendered.

13. In a further attempt to collect the alleged debt owed by the Plaintiff, the Defendant sent a collection letter dated February 23, 2009, to the Plaintiff. A copy of said letter is attached hereto as Exhibit "B". Said letter states (in part):

> "Please be advised that our client has instructed this office to take steps to effect collection. We will hold this matter in abeyance for 5 days pending your remittance."

14. The statement set forth in the February 23, 2009 letter constitutes a further false threat to deprive the Plaintiff and other consumers of their property if payment is not forwarded as demanded by the Defendant and the "...hold this matter in abeyance for 5 days" language creates a false sense of urgency.

15. Despite the threats to property as made by the Defendant, no seizure of any property could occur as no legal action had ever been commenced to collect the alleged debt and, therefore, no judgment existed for the purpose of execution upon non-exempt property.

16. The Defendant was aware of the facts set forth in paragraph 15 heretofore and, thus, did threaten unintended action.

## IV. POLICIES AND PRACTICES COMPLAINED OF

17. It the policy and practice of the Defendant ACB to send collection letters to consumers which contain false, deceptive and misleading statements which are designed to harass, oppress and abuse consumers into believing that their property could be seized by the Defendant if payment, as demanded by the Defendant, was not tendered.

## VI. CLASS ALLEGATIONS

18. This action is brought as a class action pursuant to Fed. R. Civ. P. 23 and consists of two classes defined as follows:

Class 1- a class of all persons with addresses in the State of Pennsylvania who received a debt collection letter identical in form to the letter dated January 13, 2009 sent to the Plaintiff herein and otherwise attached as Exhibit "A" hereto.

Class 2- a class of all persons with addresses in the State of Pennsylvania who received a debt collection letter identical in form to the letter dated January 13, 2009 sent to the Plaintiff herein and otherwise attached as Exhibit "A" hereto and who also received a debt collection letter identical in form to the letter dated February 23, 2009 sent to the Plaintiff herein and otherwise attached as Exhibit "B" hereto.

19. The class period is a time period which commences one year prior to the filing of the herein action and continues until the final resolution of the herein action.

20. Plaintiff alleges, on information and belief, that the classes are believed to each include thousands of class members and are, therefore, each so numerous as to make it impracticable to bring all the members of the respective classes before this Court. The exact number of class members in each class is unknown to the Plaintiff but may be determined from the records maintained by the Defendant ACB.

21. There are questions of law and fact common to the classes which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant ACB violated the FDCPA by using false, deceptive, misleading, harassing, oppressing and abusive debt collection tactics.

22. The Plaintiff's claims are typical of the members of each class. All are based upon the same facts and legal theories.

23. The Plaintiff will fairly and adequately protect the interests of each class. She has retained counsel experienced in handling class actions. Neither Plaintiff nor her counsels have any interests which might cause them not to vigorously pursue their action herein.

24. Plaintiff has no relationship with the Defendant ACB except as set forth in the herein Class Complaint. Her interest in this action are antagonistic to the interests of the Defendant ACB. The Plaintiff is aware she cannot settle this action without Court approval.

25. The undersigned counsel, Robert L. Arleo, is experienced in litigating class actions and has handled numerous consumer class actions in federal courts. Counsels are handling this case on a contingent basis and will receive compensation for their professional services only as awarded by this Court.

26. A class action provides a fair and efficient method of adjudicating this controversy. Plaintiff and the Class Members have substantive claims pursuant to the FDCPA which are similar, if not identical, in all material respects and will require evidentiary proof of the same kind and application of the same law. As the Defendant ACB has treated and are treating all members of each class in a similar manner, statutory relief provided by the FDCPA is appropriate with respect to the Class.

27. There are no unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions. Damages may be calculated with mathematical precision.

28. Because most members of each class either do not know

that their rights have been violated or could not economically justify the effort and expense required to litigate their individual claims for relatively small damages, a class action is the only practical proceeding in which they could recover. As a result of the doctrine of stare decisis, individual actions could substantially impair the rights of the putative class members and spawn inconsistent results that require Defendant to treat similarly situated class members differently.

29. Plaintiff is unaware of any other similar litigation against the Defendant ACB, and this action will further the public policies underlying the FDCPA.

30. This Court is an appropriate forum since the Plaintiff resides in this forum, since this is where the Plaintiff received the collection letters at issue herein and since the threatened property is located in this forum.

31. Certification of the classes under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to each class defined herein predominate over any questions affecting only individual members of each class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

VII.     Class Claims for Relief

32. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692e(10) by using false representations and deceptive means to collect or attempt to collect any debt and to obtain information about a consumer.

c. The Defendants violated 15 U.S.C. sec. 1692e(5) by threatening unintended action.

d. The Defendants violated 15 U.S.C. sec. 1692e(2)(A) by falsely representing the character and legal status of alleged debts.

e. The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

f. The Defendants violated 15 U.S.C. sec. 1692d(6) by engaging in conduct the natural consequences of which is to harass, annoy and abuse the least sophisticated consumer.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the classes for:

A. Certification of each class pursuant to Rule 23(b)(3).

B. Statutory damages for the plaintiff pursuant to 15 U.S.C.A. sec. 1692k.

C. Statutory damages for the members of each class pursuant to 15 U.S.C. sec. 1692k.

D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

E. Such other and further relief as may be just and proper.


Dated: Haines Falls, New York
       December 15, 2009

                                    _____
                                    ROBERT L. ARLEO, ESQ.
                                    (RA 7506)
                                    Attorney for the Plaintiff
                                    164 Sunset Park Road
                                    Haines Falls, New York 12436
                                    (518) 589-5264


Dated: Philadelphia, Pennsylvania
       December 15, 2009

                                    _____
                                    DAVID E. PEARSON, ESQ.
                                    (DP 90945)
                                    6983 Weatham Street
                                    Philadelphia, Pennsylvania
                                    19119
                                    (215) 849-1750

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff